# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BRIAN LEE WALKER                                                 PLAINTIFF

V.                     No. 4:18CV00683-BSM-JTR

K. BATTLE, Sheriff Deputy, Pulaski
County Regional Detention Facility, *et al.*             DEFENDANTS

## ORDER

Several matters are pending in this § 1983 case.

## I. Motion for Appointment of Counsel

Plaintiff Brian Lee Walker ("Walker") has filed a Motion for Appointment of Counsel. *Doc. 29*. A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

Walker alleges that Defendants subjected him to unconstitutional conditions of confinement, between August 2018 and February 2019, by repeatedly serving him meals containing ingredients to which he was allergic. These claims are not legally or factually complex. Furthermore, it appears from the record that Walker is capable of presenting his claims without the benefit of appointed counsel. Walker has filed a Complaint, two Amended Complaints, and several motions, and he has kept the Court apprised of address changes. *Docs. 2, 6, 8-11, 14-17 & 21*. Although two Defendants have filed an Answer; the Court is still attempting to obtain service on two others. *Docs. 25-28*. As previously explained to Walker, once all Defendants have filed an Answer or other responsive pleading, he can utilize the discovery processes. *See Doc. 3*.

Thus, after carefully weighing the pertinent factors, the Court concludes that, at this stage in the proceeding, they do not support the appointment of counsel. Accordingly, Walker's Motion for Appointment of Counsel is DENIED.

**II. Defendants Battle and Paul**

As noted, service on Defendants K. Battle and T. Paul was unexecuted. *Docs. 27 & 28*. According to a sealed Notice, they no longer work at the Pulaski County Detention Center. *Sealed Doc. 26*. The Notice provides their full names (Kylan Battle and Tamara Paul) and last known addresses. Service will be ordered at those addresses.

2

## III. *In Forma Pauperis* Status

Finally, Walker has notified the Court that he has been released from incarceration and is residing at a private address. *Doc. 17*. In light of his release, it is unclear whether Walker is still entitled to proceed *in forma pauperis*. Accordingly, he will be required to file a free-world Application to Proceed *In Forma Pauperis*.

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Walker's Motion for Appointment of Counsel (*Doc. 29)* is DENIED.

2. The Clerk is directed to amend the docket sheet to reflect that: Defendant "K. Battle" is now Kylan Battle, and "T. Paul" is now Tamara Paul.

3. The Clerk is directed to prepare a summons for Battle and Paul at their sealed private mailing addresses. *Sealed Doc. 26.* The United States Marshal is directed to serve the summons, Complaint, Amended Complaint and Second Amended Complaint (*Docs. 2, 6 & 21)*, and this Order, on Battle and Paul without prepayment of fees and costs or security therefor. Their sealed private addresses must be **redacted** from the return of service and all other public portions of the record.

4. The Clerk is directed to mail Walker a free-world Application to Proceed *In Forma Pauperis*.

5. Walker must file, **within thirty days of the date of this Order,** a free-world Application to Proceed *In Forma Pauperis*. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

IT IS SO ORDERED this 16th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE